IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| MS AMLIN CORPORATE MEMBER LTD. | : |
| Plaintiff, | : |
| v. | : |
| | : CASE NO. |
| FIRST TITLE, INC.; SANDRA BACON; and LENDTERRA, INC. | : 3:21-cv-00210 |
| Defendants. | : |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff MS Amlin Corporate Member Ltd. ("Amlin") files this action seeking a declaration of its rights and obligations under a liability insurance policy regarding coverage for Defendants First Title, Inc. and Sandra Bacon (collectively, the "Insureds") with respect to a claim asserted against them by Defendant Lendterra, Inc.

## JURISDICTION AND VENUE

1. Amlin is a private limited company registered, incorporated, and with its principal place of business in the United Kingdom. Amlin is the sole participant in Lloyd's Syndicate 2001, which is one of several syndicates that severally underwrite insurance in the insurance market commonly known as Lloyd's of London. Syndicate 2001, along with certain other underwriters, subscribed to Policy Number AMS-0245405 (the "Policy") issued to Defendant First Title, Inc. ("First Title"). Pursuant to market practice and the agreement of the underwriters subscribing to the Policy, Amlin is suing on its own behalf and in a representative capacity on behalf of all subscribing underwriters to the Policy, and all such subscribing underwriters have agreed to be bound by this action.

2. First Title is a corporation incorporated under Virginia law with its principal place of business in Virginia. Accordingly, this Court has personal jurisdiction over First Title.

3. Defendant Sandra Bacon is a United States citizen who is domiciled and resides in Virginia. Accordingly, this Court has personal jurisdiction over Ms. Bacon.

4. Defendant Lendterra, Inc. ("Lendterra") is a corporation incorporated under California law with its principal place of business in Arizona. The Court has personal jurisdiction over Lendterra because this complaint arises of a business transaction Lendterra undertook in Virginia and relates to a lawsuit Lendterra filed in Virginia.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and this action is between citizens of a State and citizens or subjects of a foreign state.

6. Venue is appropriate in this Court because First Title maintains its principal place of business in Fredericksburg, Virginia and because a substantial part of the events or omissions giving rise to this action occurred within this Division.

## FACTUAL BACKGROUND

**A.     The Underlying Action**

7. On or about August 6, 2020, Lendterra filed suit against First Title and Ms. Bacon in the Circuit Court of Fairfax County, Virginia in case number 2020-115172 (the "Underlying Action").

8. The Underlying Action alleges that First Title served as escrow agent in connection with a proposed real estate transaction. Lendterra alleges that it wired $2,000,000 in funds to First Title pursuant to an escrow agreement, but that the escrow agreement later required First Title to return those funds. The complaint in the Underlying Action alleges that First Title

2

refused to return the funds as required. A true and correct copy of the complaint in the Underlying Action is attached as Exhibit "A."

9. After Lendterra filed the Underlying Action, First Title returned the escrow funds, but Lendterra continues to pursue the Underlying Action alleging that First Title's delay caused Lendterra to lose other investment opportunities worth more than $1,000,000.

**B.     The Policy**

10. Amlin subscribed to Policy Number AMS-0245405, which was issued to First Title for a policy period of April 17, 2020 to April 17, 2021 (the "Policy"). Ms. Bacon also is an insured under the Policy to the extent she was acting on behalf of First Title. A true and correct copy of the Policy is attached as Exhibit "B."

11. Amlin and the other underwriters subscribing to the Policy (collectively, "Underwriters") first received notice of the Lendterra matter on August 5, 2020 via the forwarding of a July 31, 2020 pre-suit demand from Lendterra to First Title.

12. On August 13, 2020, Underwriters, through their third-party administrator Lancer Claims Services ("Lancer"), agreed to defend First Title and Ms. Bacon pursuant to the Policy subject to a reservation of rights. A true and correct copy of the August 13, 2020 letter is attached as Exhibit "C."

13. Pursuant to the Policy, Underwriters have retained defense counsel to represent solely the interests of First Title and Ms. Bacon in connection with Lendterra's claim.

**C.     First Title and Ms. Bacon's Failure to Cooperate**

14. Both Lancer and defense counsel have made multiple attempts to obtain basic information from First Title and Ms. Bacon regarding the facts relevant to the Underlying Action and necessary to their defense.

15.   For example, requests for First Title's transaction file and other basic information were made by phone or email on the following dates: August 6, 2020; August 10, 2020; August 11, 2020; August 13, 2020; August 17, 2020; October 9, 2020; October 23, 2020; December 11, 2020, and December 15, 2020.

16.   On December 17, 2020, Lancer sent a letter to First Title and Ms. Bacon again requesting their cooperation with the defense of the Underlying Action and advising them of their obligation under the Policy to do so. A true and correct copy of the December 17, 2020 letter is attached as Exhibit "D."

17.   Following Lancer's December 17, 2020 letter, Lancer and defense counsel attempted several times to schedule a call with Ms. Bacon to discuss the Underlying Action and facts relevant to her and First Title's defense, but those scheduled calls were cancelled at least three times.

18.   Underwriters sent another letter to Ms. Bacon and her personal counsel on January 20, 2021, again requesting cooperation and reminding her of the contractual obligation to cooperate under the Policy. A true and correct copy of the January 20, 2021 letter is attached as Exhibit "E."

19.   To date, First Title and Ms. Bacon have not provided any meaningful response to any of the requests for information or cooperation from Underwriters or appointed defense counsel. Specifically, First Title and Ms. Bacon have not provided a copy of First Title's file in connection with the transaction at issue in the Underlying Action. First Title and Ms. Bacon have not provided any of the other information requested by Underwriters and Lancer. First Title and Ms. Bacon have not participated in a call with defense counsel or Lancer to discuss the defense of the Underlying Action.

20. The net result of Ms. Bacon and First Title's failure and refusal to cooperate is that, more than seven months after Underwriters appointed defense counsel and assumed the defense of Ms. Bacon and First Title, Underwriters are left without even the most basic information necessary to provide that defense.

21. Ms. Bacon's and First Title's ongoing non-cooperation threatens defense counsel's ability to provide First Title and Ms. Bacon a defense and may force defense counsel to withdraw from the representation. Accordingly, the lack of cooperation has caused actual prejudice to the defense of the Underlying Action.

22. Additionally, Ms. Bacon's and First Title's lack of cooperation has precluded Lancer and Underwriters from conducting their coverage investigation and evaluation. Accordingly, the lack of cooperation has caused actual prejudice to Underwriters' investigation of this matter.

23. The continuous pattern of non-cooperation by First Title and Ms. Bacon constitutes a deliberate or intentional refusal to cooperate with Underwriters' defense, in violation of the Policy's requirements.

24. This violation of the Policy's requirements by Ms. Bacon and First Title creates an actual case or controversy that can be resolved by this Court's declaration of the parties' rights and obligations.

## COUNT ONE – DECLARATORY JUDGMENT
## FAILURE TO COOPERATE

25. Amlin incorporates by reference the allegations of paragraphs 1 through 25.

26. The Policy states:

> The Insured, if required by the Insurer, shall attend all proceedings and alternative dispute resolution meetings and assist the Insurer in the giving of evidence and do and concur in doing whatever Insurer's may require in connection with any claim. The insured shall provide the Insurer with such cooperation, assistance, and information as the Insurer may request, all without charge to the Insurer. Upon the Insurer's request, all Insureds shall submit to an examination by a representative of the Insurer, under Oath if required.

(Policy, Section VI.D.)

27. Ms. Bacon and First Title have breached Section VI.D of the Policy, including by failing to "provide the Insurer with such cooperation, assistance, and information as the Insurer may request."

28. This deliberate or intentional refusal by Ms. Bacon and First Title to cooperate precludes coverage under the Policy.

29. The Policy further states that the Underwriters have both the right and the duty to defend. (Policy, Section VI.A.)

30. The failure of Ms. Bacon and First Title to cooperate with defense counsel precludes Underwriters from exercising their right to defend. Underwriters' inability to exercise that right relieves Underwriters of any further obligation or liability under the Policy.

31. Underwriters have timely and properly notified Lendterra of these breaches pursuant to Va. Code Ann. § 38.2-2226.

32. As a result, Amlin is entitled to a declaration that it has no obligation to defend or indemnify First Title or Ms. Bacon with respect to the Underlying Action.

WHEREFORE, Amlin prays as follows:

1. For a declaration of Amlin's rights and obligations as set forth above;

2. For an award of fees and costs incurred by Amlin necessitated by this action; and

3. For such other and further relief as the Court deems just and proper.

Respectfully submitted this 29th day of March, 2021.

**CLYDE & CO US LLP**

/s/ Leslie S. Ahari
Leslie S. Ahari (VA Bar No. 28911)
Leslie.ahari@clydeco.us
1775 Pennsylvania Avenue, NW
Suite 400
Washington DC 20006
Tel:  (202) 747-5111
Fax: (202) 747-5150

Scott F. Bertschi (Ga. Bar 055716) (pro hac vice to be filed)
scott.bertschi@clydeco.us
Brandon R. Gossett (Ga. Bar 120424) (pro hac vice to be filed)
brandon.gossett@clydeco.us

271 17th Street NW, Suite 1720
Atlanta, Georgia 30363
Tel: (404) 410-3150
Fax: (404) 410-3151

**ATTORNEYS FOR PLAINTIFF MS AMLIN CORPORATE MEMBER LTD.**